# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>KENNY JAMES PHILLIP<br><br>*Defendant(s)* | )<br>)<br>)  Case No.<br>)        6:25-mj- 2258<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __July 2, 2025__ in the county of __Orange County__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C § 554(a) | Smuggling firearms from the United States; |
| 18 U.S.C.§ 554(a) | Attempted smuggling of firearms from the United States |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_____
Complainant's signature

Vladimir Lena, Special Agent
*Printed name and title*

Sworn to before me over the telephone or other reliable electronic means and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date: 11/5/2025

City and state: Orlando, Florida

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

STATE OF FLORIDA                              CASE NO. 6:25-mj-2258

COUNTY OF ORANGE

### AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Vladimir Lena, having been duly sworn, hereby make the following statement in support of the attached criminal complaint:

1. I am a Special Agent (SA) with the Department of Justice (DOJ), Bureau of Alcohol, Tobacco, Firearms and Explosive (ATF), in the Middle District of Florida and have been employed as a Special Agent since December 2023. Prior to this, I was employed as a Customs and Border Protection ("CBP") officer for the Department of Homeland Security (DHS) in Miami-Dade County, Florida, for four (4) years and eleven (11) months. I am currently assigned to the Firearm Trafficking Group in the Orlando Office. I completed the Criminal Investigation Training Program and ATF Special Agent Basic Training (SABT) at the Federal Law Enforcement Center (FLETC), where I received training in the investigation of firearms trafficking, narcotics, arson, explosives, and other violations of federal laws. As a CBP Officer, I have also conducted numerous investigations into violations of U.S. customs law and immigration law.

2. I am currently an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, and am empowered by law to conduct investigations and to make arrests for offenses enumerated in Section 3051 of Title 18, United States Code.

3. I have received training regarding the following topics, although this list is not exhaustive: surveillance; interviewing; writing of warrants; handling of evidence; arrest procedures; search procedures and testifying in court. I have participated in numerous smuggling and weapons trafficking investigations as either the lead case agent or co-case agent. The agents and law enforcement officers I work with as well as myself are familiar with the methods and practices of large-scale transnational criminal organizations or criminal networks exploiting the exportation process to smuggle contraband out of the United States.

## Purpose of Affidavit

4. This affidavit is being submitted to establish probable cause in support of a criminal complaint against Kenny James PHILLIP for smuggling firearms from the United States on or about July 2, 2025, and for attempting to smuggle firearms from the United States on or about August 26, 2025, in violation of 18 U.S.C. § 554(a).

5. The statements contained in this affidavit are based on information I received from local and international law enforcement, and witnesses in Orlando, Florida, as well as my involvement in the investigation. Further, because this affidavit is being submitted for the limited purpose of establishing probable cause for the issuance of a criminal complaint, I have not included every fact or facet of the investigation known to me, but rather only enough to establish probable cause for the issuance of a criminal complaint against PHILLIP.

## **PROBABLE CAUSE**

6.  On or about August 8, 2025, HSI Bridgetown and ATF Southern Caribbean were informed of a Dominica Customs seizure of six firearms, 13 magazines, and 150 rounds of assorted ammunition. All serial numbers on the firearms were reportedly obliterated. The shipment was associated with a Bill of Lading ("#LAU104670"), which indicated that the shipment was exported from Laparkan (a freight forwarder) on or about July 10, 2025, which originated from Global Market (a local and contracted shipping company) on July 2, 2025. This company is located at 6235 West Colonial, Orlando, Florida 32808. The bill of lading reported that the shipment only contained clothing and containers, and did not report that the shipment contained any firearms, firearm parts, or accessories.

 

7.  The following firearms and items were recovered during the seizure:

    a.  Four Taurus pistols;

    b.  One Smith & Wesson pistol;

    c.  One Ruger pistol;

    d.  Fifty .22 cartridges;

    e.  Fifty .380 cartridges; and,

      f.      Fifty 9mm cartridges.



8.      The bill of lading listed the exporter's address as 5342 Fox Ridge Terrace, Orlando, Florida 32818, and the associated phone number as 407-509-0586. Additional law enforcement database checks corroborated that PHILLIP is associated with this address and phone number. Record checks also show that PHILLIP's currently listed residence is 1425 Sackett Circle, Orlando, FL 32818, and mailing address listed as 5342 Fox Ridge Terrace, Orlando, Florida 32818. Records also show that 5342 Fox Ridge Terrace, Orlando, Florida 32818 appears to be an empty property that is currently listed for sale, and has been listed for sale since July 2025.

9. On or about August 14, 2025, the serial numbers for three of the six recovered firearms were successufully restored. Those three serial numbers traced back to PHILLIP with a respective time-to-crime (TTC) of 54, 80, and 82 days. Time-to-crime is defined as the time from a firearm's initial sale to its recovery after being used in a crime.

10. Based on information obtained from trace reports,[1] ATF form 4473s, and available sales receipts, PHILLIP individually purchased six different firearms between May 16, 2025 and June 15, 2025 from different Federal Firearm Licensees (FFLs). As noted above, three of those firearms matched the restored serial numbers from the Dominica seizure. The other three firearms from the seizure match the make, model, and caliber of the firearms that PHILLIP purchased:

| MANUFACTURER | TYPE | MODEL | SERIAL NUMBER | PURCHASE DATE | RECOVERY LOCATION | TIME TO CRIME |
|---|---|---|---|---|---|---|
| TAURUS | PISTOL | G3C | ADB979755 | 5/16/2025 | | |
| RUGER | PISTOL | SR22 | 360-60946 | 5/17/2025 | | |
| TAURUS | PISTOL | G3C | AGL592393 | 5/18/2025 | DOMINICA | 82 DAYS |
| TAURUS | PISTOL | G3C | AEB064574 | 5/19/2025 | DOMINICA | 80 DAYS |
| SMITH AND WESSON | PISTOL | BODYGUARD 380 | ECF1938 | 5/20/2025 | | |
| TAURUS | PISTOL | G3C | AGC080218 | 6/15/2025 | DOMINICA | 54 DAYS |

11. Homeland Security Invesitgations (HSI) previously investigated PHILLIP for weapons trafficking into Dominica (Case #CX03BK21CX004)

---

[1] An ATF Trace Request report is a report generated from the recovery of a firearm that has been recovered from a crime scene, has been identified as stolen, or has otherwise been deemed the subject of a criminal investigation. The trace report includes information on the requestor of the trace, the original purchaser information (including name, DOB, address and ID information), date of purchase, the Federal Firearms License ("FFL") information where the firearm was purchased, the firearm make, model, caliber and serial number (when/if applicable) and the recovery information to include date, location, possessor (when/if applicable).

following a firearm seizure in Dominica in 2021. However, HSI did not make any arrest in that case.

12. On or about March 16, 2021, PHILLIP was arrested by the Dominica Police Force (DPF) and charged for illegal possession of firearms with obliterated serial numbers and thirteen-hundred rounds of ammunition in Roseau, Dominica. He absconded bail after being released and failed to show up to court on June 8, 2021, and June 17, 2021. A warrant was issued for his arrest. That case remains pending in Dominica court.

13. On or about December 28, 2021, during a traffic stop, PHILLIP was arrested and convicted in Dominica for cannabis possession and illegal possession of ammunition. The arresting officers were not made aware of the outstanding bench warrant for his arrest referenced above in ¶ 12.

14. On March 16, 2022, PHILLIP and his brother, Kevin Jessie Green, were arrested and charged with possession and trafficking of cannabis following a search warrant at their residence in Dominica. PHILLIP absconded again and failed to appear in court. PHILLIP is currently a fugitive from the island of Dominica.

15. Through international law enforcement collaboration, it was reported that PHILLIP (a United States Citizen) is also a French citizen who masks his travels to Dominica via Guadeloupe (a French territory) using short distance boat rides. Law enforcement database checks also revealed that PHILLIP's last official travel to Dominica was on October 22, 2020. Records show that PHILLIP has been traveling

to Pointe-a-Pitre, Guadeloupe, which is congruent with international law enforcement information received in this case.

16.    Regarding the firearms seizure on August 8, 2025, HSI Task Force Officer Ryan Wing and HSI Special Agent Robert Rosen interviewed staff at Global Market—located at 6235 West Colonial Drive, Orlando, Florida—about the parcel (bill of lading #LAU104670) that was intercepted in Dominica.

17.    During the interview, the owner of Global Market and its employees were shown a shipping invoice for the parcel (#LAU104670). They did not recognize the name of shipper on the bill of lading; however, when shown a photograph of PHILLIP from the Florida Driver and Vehicle Information Database (DAVID), employees recognized PHILLIP as a known customer. The employee who completed the paperwork for the shipment identified PHILLIP as the individual who shipped the parcel. Additionally, another employee indicated that their son, who is also an employee, picked up another package from PHILLIP's residence at 5342 Fox Ridge Terrace, Orlando, Florida, on or about August 26, 2025. The package picked up on August 26, 2025 was intended to be shipped from Tropical Shipping, located in Riviera Beach, FL,[2] to Dominica.  The employees confirmed that this package was still at Tropical Shipping and placed a hold on it.

18.    On or about September 3, 2025, Customs and Border Protection (CBP) conducted an inspection of the parcel at Tropical Shipping. The declared items in

---

[2] Located within Palm Beach County, Florida.

this parcel were indicated to be non-perishable foods; however, an X-ray examination of the parcel revealed dense contents which were inconsistent with that description. A physical inspection of the parcel revealed three large food cans with indications of tampering. Palm Beach County Sheriff's Office K-9s conducted a sniff of these cans and alerted to the presence of firearms or gunpowder. Upon opening the cans, CBP Officers discovered six Taurus G3C 9mm firearms and 12 magazines (12-round capacity each). The firearms had obliterated serial numbers. The food cans and the firearms found within them are depicted below:






19. On October 17, 2025, ATF Special Agents Gonzalez and I followed up with the employees at Global Market. In those interviews, I was able to confirm that both packages containing firearms were picked up directly from PHILLIP at his residence in Orlando, Florida. Specifically, the first intercepted package was picked up from PHILLIP on July 2, 2025, and the second intercepted package was picked up from PHILLIP on August 26, 2025. The employee provided a copy of the paperwork that was filled out and signed by PHILLIP on the day of pick up, which matched the information on the bill of ladings. A copy of the paperwork was also provided to ATF agents.

### *Background on Export Law*

20. Under federal law, it is a crime to fraudulently or knowingly export or send from the United States any merchandise, article, or object contrary to any law or regulation of the United States. 18 U.S.C. § 554. This is commonly referred to as "smuggling" and the phrase "contrary to any law or regulation" incorporates export controls, including the Export Control Reform Act (ECRA) of 2018 and its implementing regulations, set forth in more detail below. It is also a separate offense under the ECRA "to violate, attempt to violate, conspire to violate, or cause a violation of this part or any regulation, order, license, or other authorization issued under" that law. 50 U.S.C. § 4819.

21. It is also a crime to knowingly deliver or cause to be delivered to any common or contract carrier for transportation or shipment in interstate or foreign

commerce, to persons other than licensed importers, licensed manufacturers, licensed dealers, or licensed collectors, any package or other container in which there is any firearm or ammunition without written notice to the carrier that such firearm or ammunition is being transported or shipped in violation of 18 U.S.C. § 922(e).

22. Additionally, it is a crime to knowingly transport, ship, or receive, in interstate or foreign commerce, any firearm which has had the importer's or manufacturer's serial number removed, obliterated, or altered in violation of 18 U.S.C. § 922(k).

23. The ECRA provides that "the national security and foreign policy of the United States require that the export . . . of items . . . be controlled." 50 U.S.C. § 4811. To that end, the ECRA authorizes the President "to control the export . . . of items subject to the jurisdiction of the United States, whether by United States persons or by foreign persons," 50 U.S.C. § 4812, and empowers the Department of Commerce to "establish and maintain a list of items that are controlled under" the ECRA. 50 U.S.C. § 4813.

24. Pursuant to that authority, the Department of Commerce reviews and controls the export of certain items from the United States to foreign countries through the Export Administration Regulations (EAR), codified at 15 C.F.R. §§ 730-774. The EAR restricts the export of items that could make a significant contribution to the military potential of other nations or that could be detrimental to the foreign policy or national security of the United States.

25. Items subject to EAR controls are identified on the Commerce Control List, or "CCL." See 15 C.F.R. § 774.1 et seq. Certain firearms, firearm parts, and ammunition are enumerated under the CCL. The EAR allows for the export of items designated on the CCL including firearms, firearm parts, and ammunition, if the exporter has certain licenses and under regulated conditions. See generally 15 C.F.R. § 740.1 et seq. Without such licenses, however, the exportation of firearms, firearm parts, and ammunition listed on the CCL violates the ECRA and laws prohibiting smuggling.

## CONCLUSION

26. Based on the above information, I submit that there is probable cause to believe that on or about July 2, 2025, and August 26, 2025, in the Middle District of Florida, PHILLIP smuggled and attempted to smuggle firearms from the United States, in violation of 18 U.S.C § 554(a). Accordingly, I request that the Court issue a warrant for his arrest for those offenses.

This concludes my Affidavit.

_____
Vladimir Lena
Special Agent, ATF

Affidavit attested to me as true and
Accurate via telephone or other reliable
Electronic means consistent with Fed.
R. Crim. P. 3 and 4.1 on this _5____ day
of November, 2025.

_____
DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE